UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AUTOMATED TRANSACTIONS LLC,

                    Plaintiff,

v.

FIRST NIAGARA FINANCIAL GROUP,        **DECISION AND ORDER**
INC. and FIRST NIAGARA BANK,

                    Defendants and Third-      10-CV-00407 (A)(M)
                    Party Plaintiffs,

v.

PENDUM LLC, DIEBOLD INCORPORATED,
and NCR CORPORATION,

                    Third-Party Defendants.

_____

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial

proceedings [40].[1]   Before me is the joint motion of defendants First Niagara Group, Inc. and

First Niagara Bank (collectively referred to as "First Niagara") and third-party defendants

Diebold, Incorporated ("Diebold") and NCR Corporation ("NCR") for a stay of proceedings

[122].[2] Third-party defendant Pendum, LLC ("Pendum") joins in the motion [132]. For the

following reasons, the motion is denied.

_____

[1]       References are to CM/ECF docket entries.

[2]       The motion is non-dispositive. Ace American Ins. Co. v. Carolina Roofing, Inc., 2010
WL 2649918, *1 n.2 (W.D.N.Y. 2010) (McCarthy, M.J.).

**BACKGROUND**

Plaintiff Automated Transactions LLC ("Automated Transactions") alleges that First Niagara is "using ATMs within this judicial district and elsewhere in the United States" which infringe four U.S. patents: 7,575,158, 7,597,248, 7,600,677 and 7,699,220. Second Amended Complaint [59], ¶¶11, 19, 27, 35. First Niagara denies infringement, but in the alternative has commenced a third-party action seeking indemnification from Pendum, Diebold and NCR, the manufacturers of the ATMs [81].

On March 9, 2011, District Judge Sue L. Robinson of the United States District Court for the District of Delaware granted partial summary judgment of invalidity and non-infringement in Automated Transactions LLC v. Ivy Holding Co., et al., Civ. 06-043-SLR, ("Delaware1"), involving three of the patents which are at issue in this case. Lobenfeld Declaration [124], Ex. B. Judge Robinson concluded that the patents required access to the Internet, and that the ATM at issue in that case (NCR's "Vcom ATM") did not access the Internet. Lobenfeld Declaration [124], ¶11. She also invalidated certain of the patent claims, declared others valid, and ruled that fact issues remained as to the validity of still others. Her decision is now on appeal to the United States Court of Appeals for the Federal Circuit.

In seeking a stay of proceedings in this case pending the outcome of that appeal, the moving parties argue that "[t]he Vcom ATM's accused in Delaware1 do not access the Internet, hence the ruling of noninfringement . . . . The ATM's accused in this case likewise do not access the Internet. In fact, no ATM's with which Defendants are familiar access the Internet. Should the Federal Circuit affirm Judge Robinson's claim construction and noninfringement ruling, [Automated Transactions] will be collaterally estopped from relitigating those issues in

this Court, thus relieving this Court of the burdens of deciding those issues". Moving Parties'

Memorandum of Law [123], p.12.

   In opposing the motion for a stay, Automated Transactions argues that <u>Delaware1</u>

"related to a unique system used by Cardtronics, Inc. to run Vcom® devices for 7-Eleven, Inc.

[Delaware1] will have no effect on the present case because the [moving parties] use a system

which is substantially different from the Vcom® system. Moreover, [the moving parties] have

come forward with **<u>no</u>** evidence to show that the system used in the present case is the same as,

or is similar to, the Vcom® system." Automated Transactions' Memorandum of Law [127], p.1.

   In response to that argument, First Niagara has submitted the Declaration of its

Vice President of Deposit Operations, stating that the ATMs utilized by First Niagara do not

access the Internet and are not capable of doing so. Balkin Declaration [137], ¶¶4, 7.


## ANALYSIS

   "It is well settled that district courts have the inherent power, in the exercise of

discretion, to issue a stay when the interests of justice require such action." <u>Volmar Distributors,</u>

<u>Inc. v. New York Post Co., Inc.</u>, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). However, "[t]he proponent

of a stay bears the burden of establishing its need." <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997).

   "Whether the court should [stay proceedings] is based on several factors

including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil

litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of

and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not

parties to the civil litigation; and (5) the public interest . . . . In balancing these factors on a

case-by-case basis, the central focus is to avoid prejudice." Ace American, 2010 WL 2649918,

*1 (*quoting* HMT, Inc. v. Bell BCI Co., 2007 WL 295328, *2 (W.D.N.Y. 2007) (Telesca, J.)).

   If the moving parties are confident that Delaware1 is correctly decided, *and* that

their ATMs do not access the Internet, then there is no reason why they cannot move for

summary judgment of non-infringement without awaiting the outcome of the appeal. There is no

need for them to await the outcome of the appeal to argue the preclusive effect (if any) of

Delaware1. "[G]enerally, the possibility of appeal . . . does not prevent application of the doctrine

of collateral estoppel". Sherman v. Jacobson, 247 F.Supp. 261, 270 (S.D.N.Y.1965); Huron

Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 189 (1941) ("in the federal courts

the general rule has long been recognized that while appeal with proper supersedeas stays

execution of the judgment, it does not - until and unless reversed - detract from its

decisiveness"). For that reason, a stay is not warranted. *See* Starzenski v. City of Elkhart, 87 F.3d

872, 878 (7th Cir. 1996), cert. denied, 519 U.S. 1055 (1997) (denying stay of proceedings

pending appeal of state court judgment where that judgment had "full preclusive effect during the

pendency of the appeal").

   However, absent a properly supported motion for summary judgment, I am

unwilling at this point to accept as a matter of law the moving parties' assertion that the ATMs at

issue in this case do not access the Internet - particularly where the only evidentiary support for

that assertion was first set forth in a reply Declaration [137].

## CONCLUSION

For these reasons, the motion for a stay of proceedings [122] is denied. A further conference will be held on October 28, 2011 at 2:00 p.m. to discuss scheduling issues. Counsel may participate in person or by telephone, upon advance notice to chambers.

**SO ORDERED.**

Dated: October 12, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge